**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MAURICE ROBINSON and DECEASED | ) | |
| WIFE BOBBIE ROBINSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  15-00395-CV-W-DGK |
| | ) | |
| REGIONAL MEDICAL CENTER AT | ) | |
| MEMPHIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING SHELBY COUNTY HEALTHCARE CORPORATION'S MOTION**

**TO DISMISS**

Pro se Plaintiff Maurice Robinson ("Plaintiff") brings this negligence and wrongful death lawsuit against Defendant Shelby County Healthcare Corporation d/b/a Regional One Health ("Regional One") and others alleging they negligently caused the death of his wife, Bobbie Robinson ("Mrs. Robinson").

Now before the Court is Regional One's Motion to Dismiss for lack of personal jurisdiction and failure to state a claim for which relief can be granted (Doc. 21).  Because Plaintiff has not set forth sufficient factual allegations to support a reasonable inference that this Court has personal jurisdiction over Regional One, the motion is GRANTED.

**Background**

Mrs. Bobbie Robinson was a Tennessee resident who died from metastatic colon cancer on April 10, 2003, in Memphis, Tennessee (Doc. 8-3 at 7).  The death certificate submitted by Plaintiff reveals that he also resided in Tennessee at the time of Mrs. Robinson's death (Doc. 8-3 at 7).  Five months prior to her cancer diagnosis, UT Bowld Hospital in Memphis admitted Mrs.

1

Robinson for either a hysterectomy or myomectomy (Doc. 8-1 at 2). [1] This medical treatment occurred on Thursday, May 4, 2000. While the exact procedure used during this medical treatment is not clear from the record, Plaintiff asserts that the defendant hospitals and doctors used a procedure called laparoscopic power morcellation (Pl. Compl., Doc. 8 at 3). The FDA issued a news release on April 17, 2014, discouraging the use of laparoscopic power morcellation for the removal of the uterus (hysterectomy) or uterine fibroids (myomectomy) in women because it poses a risk of spreading unsuspected cancerous tissue beyond the uterus. FDA News Release, U.S. Food and Drug Admin., FDA discourages use of laparoscopic power morcellation for removal of uterus or uterine fibroids (Apr. 17, 2014), http://www.fda.gov/NewsEvents/Newsroom/PressAnnouncements/ucm393689.htm. Plaintiff alleges that Regional One's use of this procedure amounted to medical negligence. Plaintiff further alleges that this negligence resulted in the wrongful death of Mrs. Robinson.

### Standard

The Court begins with the question of personal jurisdiction. "Personal jurisdiction over a defendant represents the power of a court to enter a valid judgment imposing a personal obligation or duty in favor of the plaintiff." *Viasystems, Inc. v. EBM Pabst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 592 (8th Cir. 2011) (internal quotation marks omitted). Absent personal jurisdiction, the court must dismiss the defendant. Fed. R. Civ. P. 12(b)(2).

The plaintiff bears the burden of making a prima facie showing that the court possesses personal jurisdiction over the defendant. *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008); *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1090 (8th Cir. 2008). This showing is made

---

[1] Much of the complaint and attached affidavits are handwritten and difficult to decipher. Plaintiff asserts that the surgical procedure was the same as that referred to in an April 17, 2014, FDA news release (Doc. 8 at 3; Doc. 8-2 at 10).

"not by the pleadings alone, but by the affidavits and exhibits" supporting or opposing the motion. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072-73 (8th Cir. 2004). The evidence required for a prima facie showing is minimal. *Johnson*, 614 F.3d at 794. The court views the facts in the light most favorable to the nonmoving party and resolves all factual conflicts in favor of the nonmoving party. *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003).

There are two types of jurisdiction, general and specific. As discussed below, the Court lacks both general and specific jurisdiction over Regional One.

I.  **Regional One's contacts with Missouri are insufficient to permit this Court to exercise general jurisdiction over it.**

General jurisdiction is appropriate when a defendant's activities in the state are so substantial that the defendant would expect to be subject to suit there on any claim. *See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984) ("Even when the cause of action does not arise out of or relate to the foreign corporation's activities in the forum State, due process is not offended by a State's subjecting the corporation to its in personam jurisdiction when there are sufficient contacts between the State and the foreign corporation."); *Perkins v. Benguet Consol. Mining Co,* 342 U.S. 437, 446 (1952) ("[T]here have been instances in which the continuous corporate operations within a state were thought so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities.").

Regional One is a non-profit hospital organized and operating solely in the state of Tennessee. Regional One does not maintain any offices in Missouri, solicit business from Missouri, or transact any business in Missouri. Plaintiff has provided no facts to support this Court's general jurisdiction over Regional One. The Court finds that Plaintiff has not satisfied his burden of proving the existence of general jurisdiction over Regional One.

3

## II. The Court lacks specific jurisdiction over Regional One.

A court can exercise specific jurisdiction over claims arising out of a defendant's continuous activity with a state. *See, e.g., McGee v. Int'l Ins. Co.,* 355 U.S. 220 (1957) (holding that jurisdiction was proper over a foreign defendant in claim arising out of a single contract solicited in the state). In a diversity action,[2] a federal court may exercise jurisdiction over a non-resident defendant only to the extent permitted by the forum state's long-arm statute and the Due Process Clause.[3] *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010). Thus, in order for this Court to exercise personal jurisdiction over Regional One: (1) Missouri's Long-Arm Statute must be satisfied; and (2) Regional One must have sufficient contacts with Missouri to satisfy due process concerns. *Id.* Although similar in nature, these are separate inquiries. *Viasystems*, 646 F.3d at 593 n.2 (citing *Bryant v. Smith Interior Design Grp.*, 310 S.W.3d 227, 231 (Mo. 2010)).

Missouri's long-arm statute provides for personal jurisdiction over any person or firm who, either in person or through an agent, transacts business, makes a contract, or commits a tort within Missouri. Mo. Rev. Stat. § 506.500.1(1)-(3). The Missouri Supreme Court's interpretation of the statute is binding. *Scullin Steel Co. v. Nat'l Ry. Utilization Corp.*, 676 F.2d 309, 311 (8th Cir. 1982). The Missouri Supreme Court has held that Missouri's long-arm statute covers a tort committed in another state that yields consequences in Missouri. *Bryant,* 310 S.W.3d at 232. The key to determining whether an act committed in another state has actionable consequences in Missouri is foreseeability. *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 911 (8th

---

[2] Diversity exists when state law actions arise "between citizens of different states." U.S. Const., art. III.

[3] Under the Due Process Clause of the Fourteenth Amendment, states may only assert jurisdiction over defendants who have established a significant relationship with that state. *See Int'l Shoe v. Washington,* 326 U.S. 310 (1945). However, even if it is constitutionally permissible for a court to exercise personal jurisdiction in a case, the state itself may have limited that jurisdiction with a long-arm statute. Missouri's long-arm statute authorizes Missouri courts to exercise jurisdiction over defendants based on specific types of contact with the forum state. Mo. Rev. Stat. § 506.500.1.

Cir. 2012).

In the present case, it was not foreseeable that any of Regional One's acts would have any consequences in Missouri and thus be actionable in a Missouri court. The alleged tortious conduct occurred at a hospital in Tennessee; Mrs. Robinson passed away in Tennessee; and at that time, both she and her husband were Tennessee residents. In fact, nothing in this record indicates that there were any particular consequences in Missouri stemming from the alleged tortious acts. Regional One could not have foreseen that its alleged tortious acts would yield consequences in Missouri such that it could be haled into court here. Accordingly, the Court finds that Plaintiff has failed to show that Regional One is subject to specific personal jurisdiction under Missouri's long-arm statute. Mo. Rev. Stat. § 506.500.1.

Because Regional One does not have sufficient contacts with Missouri to warrant the exercise of general jurisdiction and the long-arm statute does not authorize jurisdiction, the Court must grant the motion to dismiss for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). Having dismissed the Complaint on those grounds, the Court need not consider Regional One's alternate argument to dismiss.

### Conclusion

Because the Court lacks personal jurisdiction over Regional One, the Motion to Dismiss (Doc. 21) is GRANTED. All claims against Regional One are DISMISSED.

**IT IS SO ORDERED.**

Date:   October 7, 2015                    /s/ Greg Kays
                                           GREG KAYS, CHIEF JUDGE
                                           UNITED STATES DISTRICT COURT

5